UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN LEE RUMLER, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>INMATE MAGAZINE )<br>SUBSCRIPTIONS.COM, LLC, )<br>)<br>        Defendant. ) | No. 2:23-cv-00304-JPH-MG |

**ORDER**

## I. Filing Fee

Plaintiff, Justin Rumler, has filed a motion to proceed *in forma pauperis*. Dkt. [2]. That motion is **GRANTED** to the extent that he is assessed an initial partial filing fee of $37.39. *See* 28 U.S.C. § 1915(b)(1). He shall have **through July 24, 2023** to pay the initial partial fee to the clerk of the district court.

Mr. Rumler is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Rumler and to his custodian.

## II. Jurisdiction

Mr. Rumler has filed a complaint alleging that he paid Defendant Inmate Magazine Subscriptions $52.98 to receive six magazines at the Wabash Valley

1

Correctional Facility, but has not received any of them. Dkt. 1 at 4–5. He seeks reimbursement of the $52.98. *Id.* at 5.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Mr. Rumler's complaint, however, does not allege a violation of a federal statute or constitutional violation, so there is no federal-question jurisdiction. Dkt. 1; 28 U.S.C. §1331.

The complaint would therefore have to fall under the Court's diversity jurisdiction. To invoke diversity jurisdiction, the complaint must allege that Mr. Rumler and Inmate Magazine Subscriptions are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The complaint does not identify the citizenship of the parties, and because Mr. Rumler seeks only reimbursement of $52.98, the amount in controversy is not satisfied.

It therefore appears that this case must be dismissed for lack of subject-matter jurisdiction. Mr. Rumler shall have **through July 24, 2023** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. In doing so, he must clearly show either (1) the federal law giving rise to his claims, or (2) that the parties are of diverse citizenship and that the amount in controversy is satisfied. If Mr. Rumler does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

Because the Court has issued this order, Mr. Rumler's motion for the status of his complaint is **GRANTED**. Dkt. [3]. While a stamp on the complaint indicates that it was scanned and emailed from the Wabash Valley Correctional Facility on January 10, 2023, it was not docketed until June 21, 2023, when a copy was received with Mr. Rumler's motion for status.

**SO ORDERED.**

Date: 6/27/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JUSTIN LEE RUMLER
193721
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838